BRIGHT, Circuit Judge,
dissenting.
I believe the sentencing guidelines, which recommended a 168-210 month sentence, and the ten-year statutory minimum resulted in the imposition of an unnecessarily lengthy sentence of fourteen years (168 months). Accordingly, I dissent.
The district court discussed all the reasons for mitigation but chose not to apply any one of them. The majority acknowledges that the district court identified several factors meriting a downward variance and did not specifically mention factors that weighed against lenient treatment. But the majority reasons that because the district court possessed extensive information about San-Miguel’s offense, the court did not abuse its discretion in imposing a fourteen-year sentence.
I disagree. The court found that San-Miguel was 45 years old at sentencing and that she will be deported following her incarceration. The court acknowledged that these findings lessened the danger of recidivism and supported leniency. The court also noted that because San-Miguel faces deportation, she will likely receive harsher treatment from the Bureau of Prisons. Additionally, the court adopted the probation office’s presentence investigation report, which explains that San-Miguel had zero criminal history points and fully accepted responsibility for her criminal behavior. Nevertheless, the district court imposed a guideline sentence.
Absent the guidelines and the statutory minimum under 21 U.S.C. § 841, application solely of 18 U.S.C. § 3553(a) would have guided the district court to a lesser sentence, which would have achieved the goals of sentencing.
Additionally, as I have previously explained, long sentences make little sense for those who face deportation. See United States v. Loaiza-Sanchez, 622 F.3d 939, 942 (8th Cir.2010) (Bright, J., dissenting); United States v. Chavez, 230 F.3d 1089, 1092 (8th Cir.2000) (Bright, J., concurring). It is time for the Sentencing Commission and sentencing courts to recognize this fact of life.